IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-20769-CV-WILLIAMS

| | |
|---|---|
| In re: | ) |
| BankUnited Financial Corporation, et al. | ) ) ) |
| Debtors, | ) ) ) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF BANKUNITED FINANCIAL CORPORATION, et al., | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ALFRED R. CAMNER AND HUMBERTO L. LOPEZ, | ) ) ) |
| Defendants. | ) ) |

## UNOPPOSED MOTION OF CLIFFORD A. ZUCKER, PLAN ADMINISTRATOR, TO SUBSTITUTE PARTY

Mr. Clifford A. Zucker, in his capacity as the Plan Administrator (defined below), hereby moves this Court (the "Motion") for entry of an order, pursuant to Rule 25(c) of the Federal Rules of Civil Procedure (the "Civil Rules"), substituting Mr. Zucker as a party in this action in place of the Official Committee of Unsecured Creditors of BankUnited Financial Corporation, *et al.* (the "Committee"), pursuant to the terms of The Official Committee of Unsecured Creditors' Fourth Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code, *In re BankUnited Financial Corporation, et al.*, No. 09-19940 (Bankr. S.D. Fla. Feb. 27, 2012), [ECF No. 1121] (the

"Plan"), a copy of which has been attached hereto as Exhibit A. In support of this Motion, Mr. Zucker represents as follows:

## BACKGROUND

1. BUFC was the direct parent of BankUnited, FSB (the "Bank"), a federally chartered savings institution. On May 21, 2009, the Office of Thrift Supervision closed the Bank and appointed the Federal Deposit Insurance Corporation (the "FDIC") as receiver. On May 22, 2009 (the "Petition Date"), BUFC and two related entities (collectively, the "Debtors") filed their voluntary petitions for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code").

2. On May 29, 2009, the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") appointed the Committee to serve as the official committee of unsecured creditors in the Debtors' chapter 11 cases.[1] The Committee was granted standing by the Bankruptcy Court to investigate, assert and prosecute, as the representative of the estate of BUFC (the "BUFC Estate"), any and all claims against certain insiders of the Debtors that constituted property of the BUFC Estate.

3. On December 5, 2011, the Committee initiated the adversary proceeding from which this withdrawal of reference is taken for the purpose of, among other things, recovery of funds from the Defendants.

4. At the time of the filing of this withdrawal of reference, the Committee was the Plaintiff.

---

[1] See Appointment and Notice of Appointment of Committee of Creditors Holding Unsecured Claims, *In re BankUnited Financial Corporation, et al.*, No. 09-19940 (Bankr. S.D. Fla. May 29, 2009), ECF No. 33.

## THE PLAN

5.   On February 27, 2012, the Committee filed the Plan,[2] which set forth the terms upon which each of the Debtors would be liquidated and distributions made to their creditors and interest holders. On March 2, 2012, the Bankruptcy Court entered an order confirming the Plan with respect to Debtors BUFC and BUFS, pursuant to section 1129 of the Bankruptcy Code.[3] Thereafter, on March 9, 2012 (the "Effective Date"), the Plan went effective.[4]

6.   Pursuant to the Plan, (a) the Committee was dissolved on the Effective Date,[5] (b) all assets of the estate of Debtors BUFC and BUFS (the "Estates"), including the causes of action at issue in this Appeal, were transferred to the post-effective date entity, Liquidating BankUnited;[6] and (c) Mr. Zucker was installed as the plan administrator (the "Plan Administrator") to act as the representative of Liquidating BankUnited.[7] Mr. Zucker's duties as Plan Administrator include

---

[2]   The original version of the Plan was filed with the Bankruptcy Court on April 11, 2011. Between April 2011 and February 2012, the Committee filed three additional versions of the Plan in response to comments and other issues raised by interested parties and, ultimately, confirmed the version filed on February 27, 2012.

[3]   The Plan was not confirmed with respect to Debtor CRE, an entity that holds only a timeshare interest.

[4]   See Notice of Confirmation and Effective Date of the Official Committee of Unsecured Creditors' Fourth Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code and Notice Regarding Bar Date For Filing Proofs of Claim Arising From Rejection of Executory Contracts and Unexpired Leases Pursuant to the Plan, In re BankUnited Financial Corporation, et al., No. 09-19940 (Bankr. S.D. Fla. March 9, 2012), ECF No. 1137.

[5]   See Plan at Article IV.H, pg. 24 ("As of the Effective Date, the Committee shall dissolve, and its members shall be released and discharged from all further authority, duties, responsibilities and obligations relating to and arising from the Chapter 11 Cases.

[6]   See Plan at Article IV.I, pg. 24 ("Except as otherwise provided in this Plan or in any agreement, instrument or other document relating thereto, on or after the Effective Date pursuant to section 1141 of the Bankruptcy Code, all property of the Debtors' Estates, and any property acquired by the Debtors pursuant hereto shall vest in the appropriate entity comprising Liquidating BankUnited, free and clear of all Liens, Claims, charges or other encumbrances. For the avoidance of doubt, all property of the Estate of Debtor BUFC shall vest in Liquidating BUFC . . . .").

[7]   See Plan at Article IV.A, pg. 21 ("On the Effective Date, a Plan Administrator and Plan Committee shall be appointed."); Article I.A.80, pg. 10 ("Plan Administrator" shall be Clifford A. Zucker."). In addition, Mr. Zucker was appointed as the sole director of Debtor CRE. Mr. Zucker has retained the law firms of Kilpatrick Townsend & Stockton LLP and Kozyak Tropin & Throckmorton, P.A. to represent him as the Plan Administrator.

responsibility for prosecution of all Causes of Action,[8] including the various causes of action at issue in this action. In light of the dissolution of the Committee, the transfer of the assets, including all Causes of Action, of the Estates to Liquidating BankUnited and the appointment of Mr. Zucker as Plan Administrator, it is appropriate that Mr. Zucker be substituted as the Plaintiff in this action, in place of the Committee.

## REQUEST FOR RELIEF

7. By this Motion, Mr. Zucker respectfully requests entry of an order, pursuant to Rule 25(c) of the Civil Rules, substituting Mr. Zucker, in his capacity as Plan Administrator, as the Plaintiff in this action, in place of the Committee.

8. Civil Rule 25(c) provides that "[i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." FED. R. CIV. P. 25(c). "Substitution under Rule 25(c) is purely a matter of convenience, and regardless of whether substitution is ordered, the respective substantive rights of the transferor or the transferee are not affected." *FDIC v. Bristol Home Mortgage Lending, LLC*, 2009 WL 2488302, *7 (S.D. Fla. 2009) (*citing Barker v. Jackson Nat. Life Ins. Co.*, 163 F.R.D. 364, 365 (N.D. Fla. 1995). The Court may in it discretion order that the original party continue the action

---

[8] *See* Plan at Article IV.A, pg. 21. The term "Causes of Action" is broadly defined to include "all claims, actions, causes of action, choses in action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, remedies, rights of set off, third-party claims, subrogation claims, contribution claims, reimbursement claims, indemnity claims, counterclaims and crossclaims (including without limitation, all claims and any avoidance, recovery, subordination or other actions against insiders and/or any other Entities under the Bankruptcy Code, including Avoidance Actions) of the Debtors, the Debtors in Possession, Liquidating BankUnited and/or the Estates (including, without limitation, those actions set forth in the Plan Supplement) that are or may be pending on the Effective Date or are instituted by the Plan Administrator after the Effective Date against any Entity, based in law or equity, including, without limitation, under the Bankruptcy Code, whether direct, indirect, derivative or otherwise and whether asserted or unasserted as of the Effective Date." Plan at Article I.A.29, pg. 3.

alone, that the transferee be substituted for the original party, or that the transferee be joined as an additional party. *See Virgo v. Riviera Beach Assocs., Ltd.* 30 F.3d 1350, 1357 (11th Cir. 1994).

9. In this case, the motion for withdrawal of reference was filed by Defendants Alfred R. Camner and Humberto L. Lopez on January 13, 2012.[9] The Committee was dissolved on March 9, 2012, the effective date of the Plan, and thereafter ceased to exist. On the same date, the interests of the Estates in the causes of action at issue in this action were transferred to Liquidating BankUnited and Mr. Zucker was appointed as the Plan Administrator, empowered to continue pursuing the causes of action at issue in this action on behalf of Liquidating BankUnited. Accordingly, it is appropriate that Mr. Zucker be substituted as the Plaintiff in this matter, pursuant to Rule 25(c) of the Civil Rules.

10. Mr. Zucker has raised the requested substitution with the Defendants and each have expressed that they have no objection to the requested relief.

WHEREFORE, Mr. Zucker respectfully requests that the Court (1) grant this Motion, (2) substitute Mr. Zucker as the Plaintiff in this action, and (3) grant such other and further relief as is just and proper under the circumstances.

## RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for all parties or non-parties who may be affected by the relief sought in this motion have conferred and have agreed to the proposed substitution of Mr. Zucker in place of the Committee.

By:    /s Corali Lopez-Castro
    Corali Lopez-Castro

---

[9] *See* Motion to Withdraw the Reference filed by Alfred R. Camner and Humberto L. Lopez (ECF No. 1).

Dated: August 3, 2012                              Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

Todd C. Meyers (*Pro Hac Vice* application pending)
tmeyers@kilpatricktownsend.com
1100 Peachtree Street, NE
Suite 2800
Atlanta, Georgia  30309
Tel:  (404) 815-6500
Fax:  (404) 815-6555

- and –

KOZYAK TROPIN & THROCKMORTON, P.A.

By:   /s Corali Lopez-Castro
Corali Lopez-Castro (Fla. Bar No. 868830)
clc@kttlaw.com
2525 Ponce De Leon, 9th Floor
Miami, Florida 33134
Tel: (305) 372-1800
Fax:  (305) 372-3508

*Counsel for Clifford A. Zucker, Plan Administrator*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this motion is being served this day, August 3, 2012, on all counsel of record or *pro se* parties identified on the Service List below in the manner described below.

By: /s Corali Lopez-Castro
Corali Lopez-Castro (Fla. Bar No. 868830)
clc@kttlaw.com
2525 Ponce De Leon, 9th Floor
Miami, Florida 33134
Tel: (305) 372-1800
Fax: (305) 372-3508

### Service List for Case No. 12-20769-CV-WILLIAMS

**Via ECF and/or Electronic Mail:**

**Counsel for Alfred R. Camner**
Kevin C. Kaplan, Esq.
COFFEY BURLINGTON
2699 S Bayshore Dr PH
Miami, FL 33133
kkaplan@coffeyburlington.com

**Counsel for Humberto L. Lopez**
Dennis A. Nowak, Esq.
FOWLER WHITE BURNETT, P.A.
1395 Brickell Ave 14 Fl
Miami, FL 33131
dnowak@fowler-white.com

**Counsel for Ramiro A. Ortiz**
Thomas Tew, Esq.
TEW CARDENAS, LLP
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, FL 33131-3407
tt@tewlaw.com

**Courtesy Copy to Counsel for FDIC**
Dennis Klein, Esq.
HUGHES HUBBARD & REED LLP
201 S Biscayne Blvd #2500
Miami, FL 33131
klein@hugheshubbard.com

US2008 3460407.1